**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No.:**

TEAMVIEWER GMBH,
a German limited liability company,

        Plaintiff,

v.

TEAMDRIVE SYSTEMS GMBH,
a German limited liability company,

        Defendant.
_____/

**COMPLAINT**

Plaintiff, TEAMVIEWER GMBH ("Plaintiff" or "TeamViewer"), by and through undersigned counsel, sues Defendant, TEAMDRIVE SYSTEMS GMBH ("Defendant" "TeamDrive"), and alleges:

**The Parties**

1. Plaintiff, TeamViewer, is a German limited liability company doing business throughout the United States, including within this District.

2. Defendant, TeamDrive, is a German limited liability company doing business throughout the United States, including within this District.

**Jurisdiction and Venue**

3. This is an action for, among other things, trademark infringement under 15 U.S.C. § 1051, *et. seq.*, common law trademark infringement, copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and for other common law claims and causes of action.

1

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

5. The state law claims asserted herein are so related to those over which this Court has original jurisdiction as to form part of the same case or controversy. Therefore, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims asserted herein.

6. Upon information and belief, TeamDrive is marketing, offering for sale, selling and/or making available for download software products directly in Florida, which relate to the claims asserted by TeamViewer and out of which TeamViewer's claims, at least in part, arise.

7. Upon information and belief, TeamDrive has operated, conducted, engaged in and/or carried on business within the State of Florida, committed a tortious act within the State of Florida, marketed, offered for sale and sold products within the State of Florida, and/or caused injury within the State of Florida. By virtue of its actions described herein, this Court's exercise of personal jurisdiction over TeamDrive is consistent with the Constitution of the United States and Fla. Stat. § 48.193.

8. Additionally, upon information and belief, TeamDrive maintains the web site located at www.teamdrive.com, which is a commercially active website where consumers from the State of Florida, including this District, can enter into transactions with TeamDrive to purchase TeamDrive's software products accused of infringement in this action. Moreover, TeamDrive's website allows users within the State of Florida to download TeamDrive's software directly from TeamDrive's website. True and correct copies of webpages from TeamDrive's website reflecting the ability to purchase and/or download TeamDrive's products in the State of Florida and within this District are attached hereto as **Exhibit "A."**

9. Venue is proper in the United States District Court for the Southern District of Florida pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

### General Allegations

**A.     The TEAMVIEWER Mark.**

10. TeamViewer markets, sells and/or makes available through its website downloadable software for remotely accessing and controlling a computer; downloadable software for online collaboration, including online meetings and online presentations; and recorded computer software for desktop sharing, remote control of computer desktops, and web collaboration in the nature of computer screen sharing (the "TeamViewer Software"). TeamViewer markets, sells and/or makes available through its website all of its TeamViewer Software in connection with and in association with the trademark "TEAMVIEWER" (the "Mark" or the "TEAMVIEWER Mark"). TeamViewer also uses the Mark in connection with its trade name.

11. TeamViewer, through its own usage and the usage of its predecessors-in-interest, has been using the TEAMVIEWER Mark throughout the United States as its trade name and in connection with and in association with all of its TeamViewer Software continuously since at least as early as 2006.

12. On or about April 4, 2006, TeamViewer's predecessor-in-interest was granted U.S. Trademark Registration No. 3,076,963 ("'963 Registration") for the Mark. On May 4, 2009, TeamViewer acquired the entire interest and goodwill in and to the '963 Registration via assignment from its predecessor-in-interest.

13. On or about September 27, 2013, the '963 Registration was inadvertently cancelled because no acceptable declaration under Section 71 was filed. TeamViewer did not

intend for the '963 Registration to be cancelled, and TeamViewer continued to use the TEAMVIEWER Mark throughout the United States as its trade name and in association with and in connection with all of its TeamViewer Software.

14.     After learning of the inadvertent cancellation, TeamViewer, through its predecessor-in-interest, filed a new application for the Mark. On or about August 5, 2014, TeamViewer's predecessor-in-interest was granted U.S. Trademark Registration No. 4,578,715 (the "'715 Registration") for the Mark. TeamViewer acquired the '715 Registration through assignment and is the current owner of the '715 Registration, the Mark and all goodwill associated therewith in the United States. A true and correct copy of the Certificate of Registration for the Mark, together with a Trademark Assignment Abstract of Title from the United States Patent and Trademark Office's website, reflecting TeamViewer's ownership of the Mark, are attached hereto as **Exhibit "B."**

15.     TeamViewer, through its usage and the usage by its predecessors-in-interest, was the first and sole owner and user of the Mark and of the trade name "TeamViewer," and has acquired legal rights in and to the Mark and trade name by virtue of that continuous and ongoing usage.[1]

16.     Since at least as early as 2006, TeamViewer has extensively marketed the TeamViewer Software using the Mark and has used the Mark as a trade name when conducting business, which have acquired valuable goodwill and fame throughout the United States. Additionally, TeamViewer has been continuously using the Mark since at least as early as 2006 in interstate commerce in connection with the TeamViewer Software, including extensive

---

[1] For convenience, and unless the context indicates otherwise, the term "TeamViewer" will be used to refer collectively to TeamViewer, TeamViewer's predecessors-in-interest and/or TeamViewer's corporate affiliates who use the Mark under authority from TeamViewer.

advertising, marketing, sales, and downloads such that consumers know and recognize the TeamViewer Mark, and associate it distinctly with TeamViewer and the high quality software that TeamViewer markets, sells and offers for download.

17. As a result of TeamViewer's substantial and significant ongoing advertising, marketing and promotional efforts, TeamViewer's longstanding use of the Mark, the geographic scope in which TeamViewer uses and promotes the Mark, and the high degree of consumer recognition, the Mark has acquired secondary meaning, has become well-known and famous in the software industry, and has acquired extremely valuable goodwill such that the public associates the Mark with TeamViewer as the source of high quality software.

**B.     TeamDrive's Infringement of the Mark.**

18. TeamDrive markets, offers for sale, sells and/or makes available for download on its website computer hardware and computer software for synchronization, versioning, revision control management and secure data transmission of digital data via computer networks, data transmission via computer networks, namely IP-networks to securely exchange digital documents, and data between connected electronic devices (the "Infringing Software").

19. TeamDrive is doing business in connection with the mark "TeamDrive" ("Infringing Mark"). TeamDrive markets, offers for sale, sells and/or makes available for download through its website, www.teamdrive.com, the Infringing Software in connection with the Infringing Mark. TeamDrive also uses the Infringing Mark as its trade name, as the domain name for its website, www.teamdrive.com, and in its marketing and advertising.

20. TeamViewer's use of the TEAMVIEWER Mark predates TeamDrive's use of the Infringing Mark in all geographical areas of the United States.

21. TeamDrive is competing with TeamViewer by marketing, offering for sale, selling and making available for download software similar to TeamViewer's software.

22. TeamDrive's unauthorized use of the Infringing Mark has caused or is likely to cause confusion, mistake, or deception among consumers as to the source, origin or sponsorship of such services. The consuming public is likely to believe that TeamDrive's use of the Infringing Mark in connection with TeamDrive's Infringing Software is authorized by TeamViewer for use with the TEAMVIEWER Mark.

23. TeamDrive was, at all material times, aware of the TEAMVIEWER Mark. TeamDrive's unauthorized use of the Infringing Mark is willful and intentional.

C.   **TeamViewer's Copyright and TeamDrive's Infringement.**

24. TeamViewer is the author of the design, layout, graphics and text of its website located at the domain www.teamviewer.com (the "TeamViewer Website"). TeamViewer owns the exclusive right and title to the copyright in the design, layout, graphics and text of the TeamViewer Website.

25. TeamViewer owns and holds the rights to U.S. Copyright Registration No. TXu 1-969-181, with an effective date of registration of December 23, 2015, for the TeamViewer Website, a true and correct copy of which is attached hereto as **Exhibit "C."**

26. The design, layout and graphics of TeamDrive's website, located at the domain www.teamdrive.com ("Infringing Website"), is nearly identical to, or at least substantially similar to, the design, layout and graphics of the TeamViewer Website. TeamViewer has not provided TeamDrive any license, authorization, permission or consent to use the design, layout or graphics of the TeamDrive Website or any design, layout or graphics substantially similar thereto.

6

27. Upon information and belief, TeamDrive was and is aware of the TeamViewer Website and TeamDrive's unauthorized copying and use of the TeamViewer Website is willful, deliberate and intentional. It appears that TeamDrive intentionally copied the design, layout and graphics of the TeamViewer Website to, in addition to infringing TeamViewer's Mark, further appear related to or affiliated with TeamViewer.

28. All conditions precedent to the filing of this action have been fulfilled or waived.

29. TeamViewer has retained the undersigned counsel to represent it in this action and is obligated to pay undersigned counsel's reasonable attorneys' fees, which fees, together with costs, TeamViewer is entitled to recover from TeamDrive pursuant to at least 15 U.S.C. § 1117.

## COUNT I
## Trademark Infringement under 15 U.S.C. § 1114

30. TeamViewer re-alleges and re-avers paragraphs 1-23, 28 and 29 as though fully set forth herein.

31. This is an action for trademark infringement under 15 U.S.C. § 1114.

32. TeamViewer was the owner of the '963 Registration for the Mark before it was inadvertently cancelled. TeamViewer is the owner of the '715 Registration for the Mark.

33. TeamDrive's use of the Infringing Mark in doing business and in connection with its Infringing Software, as well as use of the Infringing Mark in advertising, promotional materials, on and in connection with its website, has caused, and is likely to continue to cause, confusion, mistake or deception among consumers and customers as to the source, origin, or sponsorship of such services or as to the affiliation, connection or association of TeamDrive with TeamViewer. The consuming public is likely to believe that TeamDrive's Infringing Software is

authorized, licensed, or sponsored by TeamViewer for use with the TEAMVIEWER Mark, when such is not the case.

34. Upon information and belief, TeamDrive used the Infringing Mark prior to the inadvertent cancellation of the '963 Registration. Such use of the Infringing Mark by TeamDrive described herein constitutes trademark infringement under 15 U.S.C. § 1114.

35. Additionally, TeamDrive's use of the Infringing Mark constitutes trademark infringement of the '715 Registration under 15 U.S.C. § 1114.

36. As a proximate result of TeamDrive's actions, TeamViewer has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of its Mark. The injury to TeamViewer is ongoing, continuous and irreparable. A monetary award of damages alone cannot fully compensate TeamViewer for its damages caused by TeamDrive, and TeamViewer lacks an adequate remedy at law.

37. The foregoing acts have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

38. TeamViewer is entitled to a temporary and permanent injunction against TeamDrive, as well as all other remedies available under the Lanham Act including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT II
## Common Law Trademark Infringement

39. TeamViewer re-alleges and re-avers paragraphs 1-23, 28 and 29 as though fully set forth herein.

40. This is an action for common law trademark infringement.

41. TeamViewer has common law rights in the TEAMVIEWER Mark based on its continuous use of the TEAMVIEWER Mark throughout the United States. Specifically, since at least as early as 2006, TeamViewer has extensively marketed the TeamViewer Software using the Mark and has used the Mark as a trade name when conducting business, which have acquired valuable good will and fame throughout the United States. Additionally, TeamViewer has been continuously using the Mark since at least as early as 2006 in interstate commerce in connection with the TeamViewer Software, including extensive advertising, marketing, sales, and downloads such that consumers know and recognize the TeamViewer Mark, and associate it distinctly with TeamViewer and the high quality software that TeamViewer markets and sells.

42. As a result of TeamViewer's substantial and significant ongoing advertising, marketing and promotional efforts, TeamViewer's longstanding use of the Mark, the geographic scope in which TeamViewer uses and promotes the Mark, and the high degree of consumer recognition, the Mark has acquired secondary meaning, has become well-known and famous in the software industry, and has acquired extremely valuable goodwill such that the public associates the Mark with TeamViewer as the source of high quality software.

43. TeamDrive's use of the Infringing Mark in doing business and in connection with its Infringing Software, as well as use of the Infringing Mark in advertising, promotional materials, on and in connection with its website, has caused, and is likely to continue to cause, confusion, mistake or deception among consumers and customers as to the source, origin, or sponsorship of such services or as to the affiliation, connection or association of TeamDrive with TeamViewer. The consuming public is likely to believe that TeamDrive's Infringing Software is authorized, licensed, or sponsored by TeamViewer for use with the TEAMVIEWER Mark, when such is not the case.

44. TeamViewer's use of the TEAMVIEWER Mark predates TeamDrive's use of the Infringing Mark in all geographical areas of the United States.

45. TeamDrive's use of the Infringing Mark described herein constitutes common law trademark infringement.

46. As a proximate result of TeamDrive's actions, TeamViewer has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of its Mark. The injury to TeamViewer is ongoing, continuous and irreparable. A monetary award of damages alone cannot fully compensate TeamViewer for its damages caused by TeamDrive, and TeamViewer lacks an adequate remedy at law.

47. The foregoing acts have been and continue to be deliberate, willful and wanton.

48. TeamViewer is entitled to a temporary and permanent injunction against TeamDrive, as well as other available remedies, including, but not limited to, damages, costs and attorneys' fees.

## COUNT III
## False Designation of Origin under 15 U.S.C. § 1125(a)

49. TeamViewer re-alleges and re-avers paragraphs 1-23, 28 and 29 as though fully set forth herein.

50. The TEAMVIEWER Mark is a distinctive mark and has become associated with TeamViewer and, thus, exclusively identifies TeamViewer's business, services and products.

51. Because of TeamDrive's wrongful use of the Infringing Mark, consumers are deceptively led to believe that TeamDrive's Infringing Software originates with, is sponsored by, or otherwise approved by TeamViewer in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause consumers to believe that the TEAMVIEWER

Mark is generic, thus destroying the goodwill and value TeamViewer has built in and with the Mark.

52. The foregoing acts and conduct by TeamDrive constitute false designation of origin, passing off and false advertising in connection with products distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. As a proximate result of TeamDrive's actions, TeamViewer has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and strength of its Mark. The injury to TeamViewer is ongoing, continuous and irreparable. A monetary award of damages alone cannot fully compensate TeamViewer for its damages caused by TeamDrive, and TeamViewer lacks an adequate remedy at law.

54. TeamViewer is entitled to a temporary and permanent injunction against TeamDrive, as well as all other remedies available under the Lanham Act including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT IV
### Dilution under 15 U.S.C. § 1125(c)

55. TeamViewer re-alleges and re-avers paragraphs 1-23, 28 and 29 as though fully set forth herein.

56. This is an action for dilution of the Mark under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

57. TeamViewer has used the TEAMVIEWER Mark continuously since at least as early as 2006 and prior to TeamDrive's first use of the Infringing Mark. The Mark has become famous in the computer software industry as a result of TeamViewer's long, extensive, continuous, and exclusive use of the Mark in connection with the TeamViewer Software.

11

TeamDrive's actions constituting trademark dilution commenced and were committed after the Mark became famous.

58. TeamViewer has no control over the quality of TeamDrive's Infringing Software, websites, advertising and other promotional materials, its use of the Infringing Mark and its misappropriation of the TeamViewer name. As a result, the distinctive qualities of the Mark are being and will continue to be diluted in violation of 15 U.S.C. § 1125(c).

59. TeamDrive's wrongful conduct constitutes an extreme threat to the distinctiveness of the Mark. The distinctive nature of the Mark is of substantial value, and TeamViewer is suffering and will continue to suffer irreparable harm and blurring of the Mark if TeamDrive's wrongful conduct is allowed to continue.

60. TeamDrive's improper use of the Infringing Mark will likely continue unless enjoined by this Court.

61. TeamViewer is entitled to a temporary and permanent injunction against TeamDrive, as well as all other remedies available under the Lanham Act including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT V
### Federal Unfair Competition under 15 U.S.C. 1125(a)

62. TeamViewer re-alleges and re-avers paragraphs 1-29 as though fully set forth herein.

63. TeamViewer first adopted and used the Mark in marketing, advertising and sales to identify TeamViewer as the source of high quality software products. Consumers associate the origin of the TeamViewer Software under its Mark as being provided and sold by TeamViewer.

64. TeamDrive's use of the Infringing Mark is causing or is likely to cause customer confusion as to the source or the origin of TeamDrive's Infringing Software and services.

65. Additionally, TeamDrive copied the design, layout and graphics of the TeamViewer Website, as the design, layout and graphics of TeamDrive's Infringing Website are nearly identical to the design, layout and graphics of the TeamViewer Website. It appears that TeamDrive copied the design, layout and graphics of the TeamViewer Website to further appear related to or affiliated with TeamViewer, when such is not the case.

66. TeamDrive is engaging in unfair acts of competition in violation of Federal law.

67. TeamDrive's use of the Infringing Mark and Infringing Website is causing and will continue to cause damage to TeamViewer including, but not limited to, irreparable harm.

68. TeamViewer is entitled to a temporary and permanent injunction against TeamDrive, as well as all other remedies available including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT VI
## Cybersquatting under 15 U.S.C. § 1125(d)

69. TeamViewer re-alleges and re-avers paragraphs 1-29 as though fully set forth herein.

70. This is an action for violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

71. TeamViewer has used the Mark continuously in the United States since at least as early as 2006, which is prior to TeamDrive's first use of the Infringing Mark in the United States.

72. The Mark has become famous in the computer software industry as a result of TeamViewer's long, extensive, continuous, and exclusive use of the Mark in connection with its

TeamViewer Software and as its trade name, such fame occurring long before TeamDrive's adoption and use of the Infringing Mark.

73. TeamDrive has registered and is using the domain name www.teamdrive.com, which contains the Infringing Mark and is confusingly similar to the Mark. Additionally, TeamDrive copied the design, layout and graphics of the TeamViewer Website, as the design, layout and graphics of TeamDrive's Infringing Website are nearly identical to the design, layout and graphics of the TeamViewer Website.

74. TeamDrive has a bad faith intent to profit from the Mark and TeamViewer's Website as evidenced by TeamDrive's ongoing unlawful use of the Infringing Mark and copying of the design, layout and graphics of the TeamViewer Website.

75. TeamDrive also uses the domain name to divert internet traffic, including TeamViewer's potential customers, to TeamDrive's Infringing Website for the purpose of commercial gain.

76. TeamDrive's use of the Infringing Mark in its domain name is causing and will continue to cause damage to TeamViewer, including, but not limited to, irreparable harm.

77. TeamDrive's conduct described herein constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

78. TeamViewer is entitled to a temporary and permanent injunction against TeamDrive, as well as all other remedies available under the Lanham Act, including but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT VII
## Florida Common Law Unfair Competition

79. TeamViewer re-alleges and re-avers paragraphs 1-29 as though fully set forth herein.

80. TeamViewer first adopted and used the Mark throughout Florida in marketing, advertising and sales to identify TeamViewer as the source of high quality software.

81. TeamDrive's use of the Infringing Mark is causing or is likely to cause customer confusion as to the source or the origin of TeamDrive's Infringing Software and services.

82. Additionally, TeamDrive copied the design, layout and graphics of the TeamViewer Website, as the design, layout and graphics of TeamDrive's Infringing Website are nearly identical to the design, layout and graphics of the TeamViewer Website. It appears that TeamDrive copied the design, layout and graphics of the TeamViewer Website to further appear related to or affiliated with TeamViewer, when such is not the case.

83. TeamDrive is engaging in unfair acts of competition in violation of Florida law.

84. TeamDrive's use of the Infringing Mark and Infringing Website is causing and will continue to cause damage to TeamViewer including, but not limited to, irreparable harm.

85. TeamViewer is entitled to a temporary and permanent injunction against TeamDrive, as well as all other remedies available including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT VIII
## Copyright Infringement

86. TeamViewer re-alleges and re-avers paragraphs 1-29 as though fully set forth herein.

87. The TeamViewer Website is original material that is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101, *et seq.*

88. TeamViewer owns and holds a copyright in and to the TeamViewer Website. That copyright includes exclusive rights to use and reproduce the TeamViewer Website.

89. Without consent, authorization, approval, or license from TeamViewer, or right under law, TeamDrive has knowingly, willingly, intentionally and unlawfully copied the design, layout and graphics of the TeamViewer Website, or a design, layout and graphics that are substantially similar to the design, layout and graphics of the TeamViewer Website and, upon information and belief, continues to use such design, layout and graphics to advertise and sell its products. TeamDrive has violated TeamViewer's exclusive copyright in and to the TeamViewer Website, and TeamDrive's Infringing Website infringes TeamViewer's copyright in and to its TeamViewer Website.

90. Upon information and belief, the foregoing acts of infringement by TeamDrive are and have been knowing, willful, intentional, and in disregard of and indifferent to TeamViewer's rights.

91. TeamDrive's conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, TeamViewer irreparable injury that cannot fully be compensated for or measured in monetary damages. TeamViewer is entitled to a preliminary and permanent injunction restraining TeamDrive from engaging in any further such acts of infringement in violation of the United States copyright laws and requiring TeamDrive to remove, take down, destroy and/or otherwise reasonably dispose of the design, layout and graphics of its Infringing Website.

92. As a direct and proximate result of TeamDrive's infringement of TeamViewer's exclusive copyright in and to the TeamViewer Website, TeamDrive has realized unjust profits, gains and advantages and will continue to realize unjust profits, gains and advantages as long as such infringement is permitted to continue.

93. Additionally, as a direct and proximate result of TeamDrive's infringement of TeamViewer's exclusive copyright in and to the TeamViewer Website, TeamViewer has suffered, and will continue to suffer, monetary loss to its business, reputation and goodwill. TeamViewer is entitled to recover from TeamDrive, in amounts to be determined at trial, the actual damages TeamViewer has sustained and will sustain, as well as any profits, gains, and advantages obtained by TeamDrive, attributable to TeamDrive's acts of copyright infringement, pursuant to, at least, 17 U.S.C. § 504(b).

## **PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff, TEAMVIEWER GMBH, prays for judgment as follows:

A. Finding Defendant, TEAMDRIVE SYSTEMS GMBH, liable for infringement of the TEAMVIEWER Mark.

B. For temporary and permanent injunctive relief enjoining Defendant and its respective officers, employees, and agents, and all persons or entities in active concert or participation with Defendant, from:

> 1. using, displaying, advertising, offering for sale, selling, or making available for download its Infringing Software and/or other products under, or providing services in connection with, doing business as or holding itself out to the public as "TeamDrive," including all formative variations thereof or any mark confusingly similar to the TEAMVIEWER Mark or the Infringing Mark;

  2. diluting, blurring, passing off or falsely designating the origin of the Mark and from injuring TeamViewer's goodwill and reputation;

  3. doing any other act or thing likely to induce the belief that Defendant's business, website, products or services are in anyway connected with, sponsored, affiliated, licensed or endorsed by TeamViewer;

  4. using the Infringing Mark, including all formative variations thereof or any mark confusingly similar to the Mark or the Infringing Mark, for goods or services, product labels, or on the internet, or as or in domain names (including the domain name www.teamdrive.com), email addresses, meta tags, keywords, search engines, Google AdWords, computer source coding, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendant with TeamViewer.

 C. Ordering that Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon TeamViewer within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

 D. Ordering Defendant to destroy all Infringing Software and/or other products bearing the Infringing Mark, and all documents and materials, including boxes, packaging, stationary, letterhead, business forms, business cards, statements, invoices, signage, brochures, pamphlets, and advertising and marketing materials bearing the Infringing Mark in accordance with 15 U.S.C. § 1118;

 E. Ordering Defendant to account for all profits derived from Defendant's unlawful use of the Infringing Mark in accordance with 15 U.S.C. § 1117(a);

F.  Ordering Defendant to pay TeamViewer monetary relief under 15 U.S.C. § 1117(a) in an amount equal to Defendant's profits plus damages sustained by TeamViewer as a result of Defendant's wrongful actions;

G.  Ordering Defendant to pay TeamViewer three times Defendant's profits made as a result of Defendant's wrongful actions or three times TeamViewer's damages, whichever is greater;

H.  Finding that this case is exceptional pursuant to 15 U.S.C. §§ 1117(a), 1117(b) and 1125(c), and trebling any damages awarded to TeamViewer due to Defendant's willful and intentional acts of trademark infringement, trademark dilution, and unfair competition; award exemplary damages for Defendant's willful and intentional acts; and reimburse TeamViewer for its reasonable attorneys' fees;

I.  Enjoining Defendant from registering and/or purchasing from another any domain name that contains terms that are confusingly similar to the Mark, the Infringing Mark, or any formative variations thereof;

J.  Pursuant to the powers granted it under 15 U.S.C. §1117(d), award TeamViewer statutory damages in the amount of $100,000 per domain name;

K.  Finding TeamDrive liable for infringement of the copyright at issue in this litigation;

L.  For a preliminary and permanent injunction enjoining TeamDrive and its respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly or indirectly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the

19

unauthorized use or reproduction of the design, layout, graphics and/or text of the TeamViewer Website;

M. An order that the content, layout, graphics and design of TeamDrive's Infringing Website be removed, taken down, destroyed and/or otherwise reasonably disposed of;

N. For a monetary award of all damages to which TeamViewer is entitled, including the actual damages sustained by TeamViewer, as well as any profits, gains and advantages obtained by TeamDrive, attributable to TeamDrive's acts of copyright infringement, in such amounts as may be found;

O. For prejudgment interest according to law;

P. Finding that TeamViewer is entitled to recover its costs of Court; and

Q. For such other and further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, TEAMVIEWER GMBH, hereby demands a jury trial on all issues so triable.


Dated: February 24, 2016                    Respectfully submitted,

By: /s/Joshua D. Martin
Joshua D. Martin
Florida Bar No. 028100
josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd., Suite 430
Fort Lauderdale, Florida  33309
Telephone:  (954) 790-6699
Facsimile:  (954) 206-0017

*Attorneys for Plaintiff, TeamViewer, GmbH*